UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>                Plaintiff,<br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes,<br><br>                Defendants. | Case No. 3:25-cv-00149-PDW-ARS<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO BERG DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING** |
| In re:<br>Pro-Mark Services, Inc.,<br><br>                Debtor. | United States Bankruptcy Court<br>District of North Dakota<br>Bky. No. 24-30167 |
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>                Plaintiff,<br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes,<br><br>                Defendants. | United States Bankruptcy Court<br>District of North Dakota<br>Adv. No. 24-07014 |

Plaintiff Erik A. Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, submits this response in opposition to the *Motion for Withdrawal of Reference of Adversary Proceeding* (Doc. 130) (the "Withdrawal Motion") filed by Defendants Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"). As detailed below, the Withdrawal Motion should be denied.

## BACKGROUND

1. Plaintiff commenced this adversary proceeding against the Berg Defendants to hold them accountable for defrauding the Debtor and its employees. In August 2020, Connie and Kyle Berg sold their 100% equity interest in the Debtor to its employees via an "ESOP" transaction, receiving over $25 million in cash distributions from the Debtor. However, the entire transaction was premised on misrepresentations regarding the Debtor's government contracting business.

2. For over a decade, the Bergs had illegally enrolled the Debtor in government contracting programs that gave priority to woman-controlled small businesses, including the WOSB and 8(a) programs. But the Debtor did not qualify for those programs because Ms. Berg did not actually control the Debtor or meaningfully participate in its contracting business. Instead, Mr. Berg controlled all aspects of the business. The Berg Defendants' misconduct inflated the Debtor's revenue and exposed the Debtor to significant liabilities. Had the Bergs disclosed the Debtor's illegal participation in the government contracting programs during the ESOP negotiations, the transaction never would have closed—let alone at a grossly inflated sale price.

But the Bergs intentionally concealed their misconduct, so they could receive a windfall from the ESOP transaction before their government contracting fraud came to light.

3. Predictably, less than two years after the ESOP transaction closed, the federal government uncovered the Bergs' scheme and raided the Debtor's headquarters, sending the Debtor and the ESOP into a tailspin. The Debtor inevitably had to file for bankruptcy, and the ESOP's only asset—the Debtor's stock—plummeted in value to zero. At the end of the day, the Bergs took millions of dollars from the Debtor, and the Debtor's creditors and employees have been left holding the bag.

4. The Berg Defendants now seek withdrawal of the reference, requesting that all claims against them be transferred immediately to the District Court. But for the reasons detailed below, the Withdrawal Motion is premature, and the Berg Defendants have not met their burden to show cause.

## ARGUMENT

5. Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1] Withdrawal is the "exception to the general rule" and should only be granted if it is "essential to preserve a higher interest." *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 860 (D. Minn. 2011). There must "be some substantial reason for withdrawal." *Basin Elec. Power Coop. v. Midwest Processing Co.*, 61 B.R. 129, 130 (D.N.D. 1986).

---

[1] Section 157(d) also provides that the "district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Berg Defendants do not seek withdrawal of reference on this ground.

3

6.      In deciding whether to withdraw a reference, district courts consider various factors, including (a) the presence of a jury trial demand, (b) the efficient use of judicial resources, (c) the delay and costs to the parties, (d) uniformity of bankruptcy administration, (e) whether the claims are core or non-core, and (f) the prevention of forum shopping. *See Kelley v. Opportunity Fin., LLC*, 2015 U.S. Dist. LEXIS 8526, at *6 (D. Minn. Jan. 26, 2015).

### A.     Withdrawal of the Reference Is Premature

7.      As an initial matter, the Berg Defendants' request for withdrawal of reference is premature. Even if the District Court were inclined to withdraw reference for some or all the claims, the determination should not be made until the case is trial ready. "In the case of a proceeding where a party is entitled to a jury trial and will not consent to a bankruptcy judge conducting the trial, the bankruptcy judge will retain authority over the proceeding until—***at the earliest***—it is established that a trial is necessary—*i.e.*, all possibility of resolution via summary adjudication under Rule 56 or otherwise has been exhausted." *Kelley*, 464 B.R. at 865 (emphasis added). Bankruptcy courts all over the country adhere to this practice.[2] For this reason alone, the Withdrawal Motion should be denied.

---

[2]     *See, e.g.*, *Tow v. Park Lake Cmtys., LP (In re Royce Homes, LP)*, 578 B.R. 748, 764 (Bankr. S.D. Tex. 2017); *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 855 (E.D. La. 2014); *Growe v. Bilodard Inc.*, 325 B.R. 490, 492 (Bankr. D. Me. 2005); *Schneider v. Riddick (In re Formica Corp.)*, 305 B.R. 147, 150 (S.D.N.Y. 2004); *In re Mathews*, 203 B.R. 152, 161 (Bankr. D. Minn. 1996); *In re Kirk E. Douglas, Inc.,* 170 B.R. 169, 170 (D. Colo. 1994); *In re M & L Business Mach. Co., Inc.,* 155 B.R. 531, 534 (D. Colo. 1993); *Stein v. Miller,* 158 B.R. 876, 879-80 (S.D. Fla. 1993); *In re Concept Clubs, Inc.*, 578 B.R. 748, 764-65 (D. Utah 1993); *In re Federated Dept. Stores, Inc.,* 144 B.R. 993, 997 (Bankr. S.D. Ohio 1992); *City Fire Equipment Co. v. Ansul Fire Protection,* 125 B.R. 645, 649-50 (N.D. Ala. 1989) (*en banc*).

### B. By Her Counterclaim, Mrs. Berg Waived Her Right to a Jury Trial, Negating a Basis for Withdrawal

8. In addition to being premature, there is simply no "substantial reason" for withdrawal of the reference. While the presence of jury trial demand can sometimes support withdrawal, only Mr. Berg and the trust defendants would even have a right to a jury trial, if trial is eventually necessary. Mrs. Berg, on the other hand, waived her jury trial rights by asserting a counterclaim against the bankruptcy estate, alleging she is entitled attorneys' fees under the parties' contract if she "prevails" on Plaintiff's claims. (*See* Berg Defendants' Answer to Trustee's Second Amended Complaint, Affirmative Defenses, and Counterclaim, pp. 94-97 ("Counterclaim"), Doc. 127, Adv. P. 24-07014.)

9. A creditor who files a proof of claim in a bankruptcy case submits to the bankruptcy court's equitable jurisdiction and waives any right to a jury trial for both the claim itself and all other "matters affecting the allowance" of the claim. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 694-95 (8th Cir. 2012) (quoting *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1249 (3d Cir. 1994)). Although Mrs. Berg has not filed a proof of claim, her Counterclaim seeks affirmative relief from the bankruptcy estate, which "is akin to filing a proof of claim." *DePaola v. Sleepy's LLC (In re Prof'l Facilities Mgmt.)*, 2015 Bankr. LEXIS 3643, at *16 (Bankr. M.D. Ala. Oct. 27, 2015). "When [a] counterclaim *exceeds* the trustee's claim, it becomes an affirmative claim against the bankruptcy estate. An action 'raised as a counterclaim seeking affirmative relief necessarily submits the claimant to the equitable jurisdiction of the bankruptcy court, thereby waiving the *Seventh Amendment* right to a jury trial." *Id.* (internal quotations and citations omitted).[3]

---

[3] *See also In re Harpole Constr.*, Inc., 565 B.R. 193, 199 (Bankr. D.N.M. 2017) ("[E]ven a party who has not filed a proof of claim may waive its right to a jury trial if it files a counterclaim

10. That is exactly what has occurred here. Mrs. Berg's Counterclaim is an affirmative claim against the bankruptcy estate because she denies any liability to the estate and seeks payment of her attorneys' fees from the estate. If Mrs. Berg prevails, the estate would recover nothing, and she would have a claim against the estate for her attorneys' fees.[4] In addition, Mrs. Berg alleges that her Counterclaim cannot be adjudicated without also adjudicating *all* of Plaintiff's claims. Indeed, in the Counterclaim, she asserts a contractual right to attorney's fees from the Debtor if she prevails on *any* of Plaintiff's claims. (S*ee* Counterclaim ¶¶ 10-16).[5] Thus, Mrs. Berg has waived her right to a jury trial for all claims asserted against her. They are now part of the claim allowance process.

11. Mrs. Berg may argue that her Counterclaim was not a waiver because it was compulsory, and she had no choice but to assert it. To the contrary, when a defendant has a right to recover attorney's fees under a contract as the "prevailing party," the issue is "to be decided at the conclusion of the action when the prevailing party [has] been identified" in accordance with

---

seeking monetary relief from the estate, thereby invoking the claim allowance process."); *In re Schwinn Bicycle Co.*, 184 B.R. 945, 951 (Bankr. N.D. Ill. 1995) ([B]y filing her counterclaim, [defendant] submitted to [the bankruptcy court's] equitable jurisdiction and, under controlling Supreme Court precedent . . . lost her entitlement to a jury trial. . ."); *In re Kaiser Steel Corp.*, 95 B.R. 782, 789 (Bankr. D. Colo. 1989), *aff'd*, 109 B.R. 968 (D. Colo. 1989) ("[W]hen the defendant in such a case elects to pursue claims against the estate, whether through filing a proof of claim or by asserting a counterclaim . . . the resolution of those conflicting claims surely is the adjustment of the debtor-creditor relationship. . . the resolution of such disputes being a core proceeding, there is no right to a jury trial on the issues.").

[4] The Bankruptcy Court set September 3, 2025, as the proof of claim deadline. (*See* Doc. 19, Bky No. 24-30167.) Although Mrs. Berg asserted her Counterclaim after this bar date, her claim could still be allowed as a tardily filed claim. *See* 11 U.S.C. § 502(b)(9).

[5] Plaintiff disputes that Mrs. Berg has a contractual "prevailing party" right to attorney's fees from the Debtor for all claims against her, and Plaintiff reserves all rights on that issue. (*See* Plaintiff's and Counterclaim Defendant's Answer to Counterclaim, Affirmative Defenses, and Objection to Counterclaim, Doc. 135, Adv. No. 24-07014.) However, Mrs. Berg has made that allegation in her Counterclaim, invoking the claim allowance process and thereby waiving her jury trial rights.

6

Fed. R. Civ. P. 54(d)(2)(A). *Wiley v. Mitchell*, 106 F. App'x 517, 522-23 (8th Cir. 2004). It is not a compulsory counterclaim. *Id.* Mrs. Berg had no obligation to file her Counterclaim. Instead, in accordance with Fed. R. Civ. P. 54(d)(2)(A) (which is applicable in bankruptcy adversary proceedings pursuant to Fed. R. Bankr. P. 7054(b)(2)(A)) and D.N.D. Civ. L.R. 54.1, she could file a motion for attorney's fees within fourteen days after entry of judgment under which she is the "prevailing party." By choosing to seek attorney's fees via her Counterclaim filed in the Bankruptcy Court, Mrs. Berg has consented to the Bankruptcy Court's equitable jurisdiction and waived her right to a jury trial for all claims.

12. Mrs. Berg also cannot undo her consent and waiver by withdrawing or dismissing her Counterclaim. Plaintiff has already filed an answer and objection to the Counterclaim. (*See* Plaintiff's and Counterclaim Defendant's Answer to Counterclaim, Affirmative Defenses, and Objection to Counterclaim, Doc. 135, Adv. No. 24-07014.) For this reason, voluntary dismissal is not an option. *See* Fed. R. Civ. P. 41(c) (applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7041) (voluntary dismissal only available "before a responsive pleading is served"); Fed. R. Bankr. P. 3006 (voluntary withdrawal of proof of claim only available before "an objection is filed"). Further, as the Eighth Circuit recognized in *Smith v. Dowden*, the bankruptcy court will "retain jurisdiction over a claim" if it is not withdrawn or dismissed before the trustee "file[s] an adversarial claim"—which Plaintiff has done. 47 F.3d 940, 943-44 (8th Cir. 1995); *see also In re Bernard L. Madoff Inv. Sec. LLC*, 612 B.R. 257, 271 (S.D.N.Y. 2020) (permitting withdrawal of proof of claim to undo jury trial waiver would "permit gamesmanship and the sandbagging of a bankruptcy Trustee"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, 597 B.R. 466, 484 (Bankr. S.D.N.Y. 2019) ("If equitable jurisdiction depended on the status of the

defendant-creditor's claim, the defendant-creditor could manipulate the bankruptcy jurisdiction at any time simply by withdrawing the claim."). It is too late for withdrawal or dismissal.

13. Mrs. Berg's consent to the Bankruptcy Court's equitable jurisdiction and waiver of her jury trial rights reinforces that there is no "substantial reason" for withdrawal of the reference.

### C. Withdrawal of the Reference Would Be Inefficient, Increase Costs, and Undermine Uniformity of Administration

14. The efficient use of judicial resources, cost to the parties, and uniformity of administration also favor continued reference to the Bankruptcy Court, at least until this proceeding is trial ready.

15. The Berg Defendants are not the only defendants in this adversary proceeding. Plaintiff also asserts claims against Miguel Paredes and Chad DuBois[6] based on the same facts and circumstances as the claims against the Berg Defendants, and neither of them has moved to withdraw the reference. Because the parties will undoubtedly seek discovery from one another and from the same witnesses, it makes little sense to bifurcate the litigation between the Bankruptcy Court and District Court. Instead, discovery and pre-trial motions should be administered by the Bankruptcy Court under one scheduling order. This will streamline the case, eliminate duplication, conserve judicial resources, maintain uniformity, and reduce costs for all parties.

16. Also relevant is the fact that the claims in this adversary proceeding are the largest assets of the bankruptcy estate. The Bankruptcy Court is in the best position to understand the implications of the litigation to administration of the estate, and continuation of the reference will promote uniformity of administration.

---

[6] Plaintiff has reached a tentative settlement with Mr. DuBois, subject to final documentation and Bankruptcy Court approval. (*See* Doc. 123, Adv. P. 24-07014.)

17. Finally, contrary to what the Berg Defendants argue, the Bankruptcy Court is intimately familiar with the alleged facts and legal issues in the adversary proceeding. The Bankruptcy Court has already decided three motions to dismiss, presumably spending hundreds of hours doing so. (*See, e.g.*, Docs. 30, 50, 54, 55, 56, 61, 67, 69, 83, 89, 100-102, 103, 110, 111, Adv. No. 24-07014.) All that knowledge and resulting efficiency would be lost if the reference is withdrawn now.

### D. The Bankruptcy Court May Enter Final Orders on Most Claims and, Regardless, District Court Review Promotes Judicial Economy

18. The Berg Defendants argue that withdrawal will increase judicial economy by eliminating the need for the District Court to review the Bankruptcy Court's proposed final orders. This argument lacks merit. As to Mrs. Berg, she consented to the Bankruptcy Court entering final orders by filing her Counterclaim, meaning no such review is necessary. *See DePaola*, 2015 Bankr. LEXIS 3643, at *10-18 (counterclaim seeking affirmative relief constitutes consent to final orders for the counterclaim and all other claims that must be determined in connection with the counterclaim); *Matter of Baldwin-United Corp.*, 48 B.R. 49, 55 (Bankr. S.D. Ohio 1985) (same).

19. As to the other Berg Defendants, Plaintiff's fraudulent transfer counts under 11 U.S.C. § 544(b) are core claims, meaning no such review is necessary. *See* 28 U.S.C. § 157(b)(2)(H) ("Core proceedings include . . . proceedings to determine, avoid, or recover fraudulent conveyances."); *Kelley v. Boosalis*, 974 F.3d 884, 902 (8th Cir. 2020) ("Proceedings to avoid fraudulent conveyances under § 544 are 'core proceedings arising under title 11' that the district court may delegate to a bankruptcy court judge for final disposition.").

20. And for Plaintiff's remaining non-core claims, district courts around the country— including this Court—routinely refer "matters to magistrate judges for reports and recommendations ***as a means of increasing, not decreasing, judicial efficiency***. That same

9

reasoning applies to proposed orders from the bankruptcy court, particularly because a bankruptcy judge 'has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance.'" *Kelley*, 2015 U.S. Dist. LEXIS 8526, at *12 (emphasis added).

### E. The Withdrawal Request Has Indicia of Forum Shopping

21. Lastly, the Withdrawal Motion has indicia of forum shopping. The Trustee filed his original adversary complaint in August 2024. (Complaint, Doc. 1, Adv. P. 24-07014.) The Berg Defendants could have moved to withdraw the reference then. Instead, they waited until ***after*** the Bankruptcy Court denied virtually all aspects of their motion to dismiss. (*See* Order Granting in Part and Denying in Part Berg Defendants' Motion to Dismiss, Doc. 111, Adv. P. 24-07014.) The reference should not be withdrawn simply because the Berg Defendants may hope that the District Court will be a more favorable forum. *See Kelley*, 2015 U.S. Dist. LEXIS 8526, at *13 (denying withdrawal of reference in part to "mitigate the danger" that defendants were "shopping for what may be perceived to be a more favorable or expeditious forum in the district court").

### CONCLUSION

Based on the foregoing, the Berg Defendants' Withdrawal Motion should be denied. It is premature, and they have not shown cause to withdraw the reference.

Date: July 2, 2025

/e/ *Peter D. Kieselbach*
Michael B. Fisco (Minnesota #0175341)
(*Admitted Pro Hac Vice*)
Peter D. Kieselbach (Minnesota #0397531)
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
        kieselbachp@gtlaw.com

*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN  56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of July 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach