UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **Erik A. Ahlgren, Trustee, et al.,**<br><br>　　　**Plaintiff,**<br><br> -v-<br><br>**Connie Berg, et al.,**<br><br>　　　**Defendants.** | **Case No. 3:25-cv-00149-PDW-ARS** |
| **IN RE:**<br><br>**Pro-Mark Services, Inc.,**<br><br>　　　**Debtor.** | United States Bankruptcy Court<br>District of North Dakota<br>Case No. 24-30167<br><br>Chapter 7 |
| **Erik A. Ahlgren, Trustee, et al.,**<br><br>　　　**Plaintiff,**<br><br> -v-<br><br>**Connie Berg, et al.,**<br><br>　　　**Defendants.** | United States Bankruptcy Court<br>District of North Dakota<br>Adv. Case No. 24-07014 |

**RESPONSE OF MIGUEL PAREDES TO BERG DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING**

Defendant Miguel Paredes submits his Response to the Motion for Withdrawal of Reference of Adversary Proceeding (Adv. Proc. Doc. 130) filed by Defendants Connie Berg, Kyle

Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, "Berg Defendants").

I.   **Brief Background & Introduction**

Plaintiff Erik Ahlgren, Chapter 7 Trustee of the Debtor, Pro-Mark Services, Inc. commenced the Adversary Proceeding on August 26, 2024. By way of an Amended Complaint (Adv. Proc. Doc. 11 ("AC")), since superseded by a Second Amended Complaint, Plaintiff asserted various claims against the Berg Defendants and Chad Dubois (collectively, the "Fraud Defendants") alleging that from 2008–2020 the Fraud Defendants fraudulently enrolled Pro-Mark in certain Woman Owned Small Business ("WOSB") and 8(a) Business Development ("8(a)") federal contracting programs for which it was not eligible, structured Pro-Mark in such a way as to cover up its ineligibility, and then made fraudulent representations and warranties to further conceal their wrongdoing during a sale of the Pro-Mark's stock to a newly formed Employee Stock Ownership Plan ("ESOP") in August 2020 (the "ESOP Transaction"). Plaintiff also asserted claims against Mr. Paredes, the ESOP trustee who, with the support of independent legal and financial advisors Mr. Paredes hired, would negotiate and evaluate the fairness of the proposed ESOP Transaction on behalf of the ESOP and ESOP Trust.

On the one hand, the gravamen of Plaintiff's case was (and continues to be) that the many victims of the fraudulent scheme, *including Mr. Paredes*, reasonably relied on the fraudulent representations and warranties made by the Fraud Defendants. (AC, ¶¶ 303, 467, 479.) On the other hand, by way of a single count (Count 21), Plaintiff asserted claims against Mr. Paredes premised on the entirely conflicting allegation that Mr. Paredes somehow did *not* reasonably rely on the Fraud Defendants' representations and warranties and thereby violated obligations under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.*, Count 21.) Based upon

Plaintiff's attempts to "alternatively plead" such fundamentally and brazenly contradictory allegations, and on the grounds that Plaintiff failed to state a plausible claim for relief based upon conclusory allegations about Mr. Paredes' supposed shortcomings in his duty of care (under ERISA section 404(a)(1)(B), 29 U.S.C. § 1104) and violation of the prohibited transaction rules (under ERISA section 406, 29 U.S.C. section 1106), Mr. Paredes moved to dismiss Count 21 against him. (Adv. Proc. Doc. 30, Mr. Paredes Mot. to Dismiss.)

In its ruling on Mr. Paredes's Motion to Dismiss, while acknowledging Plaintiff's "conflicting theories," the Bankruptcy Court found that "the contradictory facts [Plaintiff] alleges about Mr. Paredes's conduct" did not require dismissal of the claim against him. (Adv. Proc. Doc. 103, Order Denying in Part and Granting in Part Mr. Paredes Mot. to Dismiss, at 5.) The Bankruptcy Court did dismiss a portion of Count 21 for failure to state a claim under ERISA section 406(a)(1)(D). (*Id*. at 5-6.)

Plaintiff filed his Second Amended Complaint (Adv. Proc. Doc. 120 ("SAC")) on May 20, 2025. The Bankruptcy Court has granted Mr. Paredes a stipulated extension of time to respond to Plaintiff's Second Amended Complaint to July 3, 2025.[1] On June 18, 2025, the Berg Defendants filed their Answer, Affirmative Defenses, and Counterclaim (Adv. Proc. Doc. 127), along with their present Motion seeking to withdraw the reference of the Adversary Proceeding.

Mr. Paredes neither opposes nor supports the Berg Defendants' Motion, but—particularly given the common facts, witnesses and issues—Mr. Paredes submits that if the reference to the Bankruptcy Court is withdrawn, subsequent proceedings against all Defendants and on all claims should be handled by the same court, even if, for example, supervision of discovery remains with the Bankruptcy Court while dispositive motions and trial will be in the District Court.

---

[1] Plaintiff and Mr. Paredes have filed a stipulated motion for extension of time to file a response to the SAC to July 17, 2025. (Adv. Proc. Doc. 134.)

**II.     Argument**

The crux of the SAC remains that the many victims of the alleged fraudulent scheme, *including Mr. Paredes*, reasonably relied on the fraudulent representations and warranties made by the Fraud Defendants. (SAC, ¶¶ 292, 458, 472.) Indeed, Counts 1–20 and 22–32 allege that the other Fraud Defendants fooled everyone involved, including Mr. Paredes, who Plaintiff unequivocally says was an unknowing victim that "reasonably relied" on the Fraud Defendants' representations and warranties that there was nothing inaccurate, illegitimate, or fraudulent about Pro-Mark's historical WOSB and 8(a) revenues. Plaintiff, in the SAC however, again makes allegations in Count 21 only that clash with his allegations about Mr. Paredes' reasonable reliance on the Fraud Defendants, alleging that Mr. Paredes somehow did *not* reasonably rely on the same representations that he *did* reasonably rely upon for purposes of proving claims against the Fraud Defendants, and thereby violated obligations under ERISA.

Accordingly, Count 21 and the rest of the SAC remain inexorably tied to one another, *i.e.* if Plaintiff successfully prevails on its fraud claims against the Fraud Defendants, then Plaintiff cannot prevail on its claims against Mr. Paredes in Count 21. Therefore, the Court's resolution of the Berg Defendants' Motion should ensure that all claims in the Adversary Proceeding, including Count 21, should be litigated in the same court, whether the Bankruptcy Court or the District Court. *See SNMP Research Int'l, Inc. v. Nortel Networks, Inc. (In re Nortel Networks, Inc.)*, 539 B.R. 704, 712 (D. Del. 2015) (refusing to separate claims because "dividing this proceeding between two courts before it is absolutely necessary to do so would diminish judicial economy and raise the possibility of inconsistent decisions.").

Accordingly, if the Court were to withdraw the reference to the Bankruptcy Court, judicial economy would be best served if proceedings going forward were in the same court—whether or

not certain stages are split between the Bankruptcy Court (i.e., supervise discovery) and District Court (i.e., dispositive motions and trial)—given the significant commonality of facts, issues and witnesses in the Adversary Proceeding.

### III. Conclusion

For the foregoing reasons, Mr. Paredes requests that all claims asserted in the SAC be litigated in the same court, and that the same court preside over all remaining stages of the litigation, including without limitation discovery, pre-trial litigation, pre-trial dispositive motions, and ultimately trial.

Dated: July 2, 2025

Respectfully submitted,

*/s/ Michael Gust*
Michael Gust (ND #06468)
ABST Law, P.C.
4132 30th Ave. SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
Tel: (701) 235-3300
Fax: (701) 237-3154
mgust@abstlaw.net

*and*

Michael L. Scheier (*pro hac vice forthcoming*)
Jacob D. Rhode (*pro hac vice forthcoming*)
Samuel B. Weaver (*pro hac vice forthcoming*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jrhode@kmklaw.com
sweaver@kmklaw.com

*Attorneys for Defendant Miguel Paredes*

14667780.1