# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Erik A. Ahlgren, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>   Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad Dubois, and Miguel Paredes,<br><br>   Defendants. | Case No. 3:25-cv-00149-PDW-ARS<br><br>**BERG DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO BERG DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING** |
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>   Debtor. | United States Bankruptcy Court<br>District of North Dakota<br>Case No. 24-30167 |
| Erik A. Ahlgren, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>   Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad Dubois, and Miguel Paredes,<br><br>   Defendants. | United States Bankruptcy Court<br>District of North Dakota<br>Adv. Proc. No. 24-07014 |

Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, "Berg Defendants" or the "Movants") hereby file this *Reply to Plaintiff's Response in Opposition to Defendants' Motion for Withdrawal of Reference of Adversary Proceeding* [Dkt. No. 3] (the "Response") and respectfully submit as follows:

## PRELIMINARY STATEMENT[1]

1. The arguments advanced by Plaintiff in his Response—that withdrawal of the Reference would cause inefficiencies, increase costs, undermine uniformity of administration, promote forum shopping, and that Mrs. Berg has waived her right to a jury trial—are without merit.

   a. **First**, withdrawal will not result in inefficiency or increased costs. Importantly, all defendants either consent to withdrawal or have settled with Plaintiff, eliminating concerns about bifurcated litigation. The Bankruptcy Court has not developed unique expertise in the Adversary Proceeding beyond review of the initial pleadings, and courts have recognized that early withdrawal does not undermine uniformity of administration, particularly where the claims at issue are based on non-bankruptcy law.

   b. **Second**, Mrs. Berg has not waived her right to a jury trial. The mere filing of a counterclaim does not automatically constitute a waiver of jury trial rights, especially where the counterclaim does not seek affirmative recovery from the

---

[1] Capitalized terms used but not defined shall have the meanings ascribed to them in the Motion and Response.

1

estate but merely serves as a defense. In any event, pursuant to Federal Rules of Civil Procedure 8(c)(2), 15(a)(1), and 41(a)(2), Mrs. Berg has moved to redesignate her right to attorneys' fees as a recoupment affirmative defense or, in the alternative, to dismiss the counterclaim and amend the Answer to specifically add a recoupment affirmative defense.

      c.    **Third**, there is no evidence of forum shopping by the Movants. The request for withdrawal is grounded in legitimate procedural and substantive considerations—not an attempt to manipulate the forum.

      d.    **Finally**, withdrawal is not premature. Withdrawal at this stage will promote judicial efficiency by allowing this Court to adjudicate all claims, thereby avoiding unnecessary appeals and duplicative proceedings.

2.     The Berg Defendants request that the Motion be granted. Should the Court find withdrawal of the Reference inappropriate at this time, the Berg Defendants request that denial be without prejudice to allow for renewal of the Motion prior to trial.

## REPLY

### A. Withdrawal Will Not Cause Inefficiencies, Increase Costs, or Undermine Uniformity of Administration.

3.     The Trustee asserts that withdrawal would be inefficient because it "would make little sense to bifurcate the litigation" with other defendants. [Resp. ¶ 15.] Paredes responded to the Berg Defendants' Motion indicating that he does not oppose withdrawal of the Reference so long as his claims are also withdrawn to the

same court [Dkt. No. 4]. And the Trustee has reached a settlement with Defendant DuBois [Resp. ¶ 15, n. 6], who has not filed an opposition to the Motion.

4.     The Trustee further asserts that inefficiencies would result from withdrawal because the Bankruptcy Court has decided three motions to dismiss. [*Id.* ¶ 17.] The motions to dismiss were, of course, decided solely on the complaint, answers, and moving papers. At this stage of the Adversary Proceeding, the Bankruptcy Court has not developed unique expertise with respect to the Trustee's allegations, which are based solely on non-bankruptcy law and alleged acts that predate the Pro-Mark bankruptcy filing.

5.     The Trustee further argues that maintaining this Adversary Proceeding in the Bankruptcy Court best promotes uniformity of administration because his disputed claims are the estate's "largest assets[.]" [*Id.* ¶ 16.] The Trustee cites no authority for his argument that the size of his contested, contingent claims supports the Bankruptcy Court's retention of the Adversary Proceeding.[2]

6.     If anything, withdrawal of the Reference furthers efficiency and uniformity. Because the Berg Defendants do not consent to entry of final orders by the Bankruptcy Court, the District Court will, in all events, be required to make a final adjudication of all claims against the Berg Defendants. Moreover, any jury trial

---

[2] Courts have concluded that when a motion for withdrawal is filed shortly following the complaint, or even after hearings on motions to dismiss, the uniformity factor favors withdrawal of the reference. *See Johnson v. Williamson (In re British Am. Props. III, Ltd.)*, 369 B.R. 322, 328 (Bankr. S.D. Tex. 2007) (explaining various times at which the court has granted withdrawal of the reference and concluding that the motion to dismiss stage was a proper time).

must also be conducted by the District Court since the Berg Defendants do not consent to a jury trial in the Bankruptcy Court.

### B. Mrs. Berg Has Not Waived the Right to a Jury Trial

7.  Filing a proof of claim in the bankruptcy case amounts to a jury trial waiver because, as the Supreme Court has made clear, the filing party is triggering the claims allowance process and subjecting itself to the bankruptcy court's equitable power. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (per curiam). None of the Berg Defendants filed a proof of claim.

8.  An abundant body of case law supports Mrs. Berg's right to a jury trial, even with the filing of a counterclaim—something that the Trustee altogether fails to acknowledge in his Response.[3] *See, e.g.*, *Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990) (citing Ninth and Tenth Circuit authorities and holding that filing of compulsory counterclaim does not result in a waiver of right to jury trial or consent to bankruptcy court's jurisdiction); *Busch-Provo, Ltd. v. Sloan (In re Larsen)*, 172 B.R. 988, 992-93 (D. Utah 1993) (holding that filing a counterclaim or cross-claim against a trustee in an adversary proceeding does not waive defendant's jury trial rights); *NDEP Corp. v. HANDL-IT, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 910-13 (D. Del. 1996) (acknowledging split of authority among bankruptcy and district courts on this issue and holding defendant does not waive jury trial right or right to object to jurisdiction when it brings counterclaims arising out of the same transaction or

---

[3] The Trustee also fails to acknowledge that none of the other Berg Defendants filed proofs of claim or counterclaims against the estate and that their rights to a jury trial are similarly preserved.

4

occurrence—whether compulsory or permissive). To hold otherwise "would be to condone jurisdiction by ambush." *J.T. Moran Fin. Corp., v. Am. Consol. Fin. Corp. (In re J.T. Moran Fin. Corp.)*, 124 B.R. 931, 940 (Bankr. S.D.N.Y. 1991).

9. Mrs. Berg admits that some courts have broadly interpreted the Supreme Court's decisions in *Granfinanciera* and *Lagenkamp* and have held that a party that files a counterclaim is deprived of the right to a jury trial. *See, e.g.*, *Murray v. Richmond Steel & Welding Co. (In re Hudson)*, 170 B.R. 868, 875 (E.D.N.C. 1994) (holding defendant's counterclaim "seeking a piece of the disputed res, the debtors' estate" divested it of jury trial right). Even in jurisdictions in which a defendant may lose the jury trial right by filing a counterclaim, however, this Seventh Amendment right is not lost ***solely*** by filing the counterclaim. Rather, the right is lost when the counterclaim is an attempt by the defendant to recover from the debtor's estate. *See, e.g.*, *In re British Am. Props.*, 369 B.R. at 331–32 (holding defendant did not waive jury trial right by asserting counterclaim for attorneys' fees in response to trustee's fraudulent transfer claims). "Not every counterclaim . . . will involve the process of allowance or disallowance of pre-petition claims or invoke the equitable power of the bankruptcy court to adjust the debtor-creditor relationship. Inherent in the notion of adjusting the debtor-creditor relationship is the existence of such a relationship on the date of filing." *Id.* at 332.

10. Mrs. Berg's request to recoup her attorneys' fees seeks only "to reduce or avoid the [Trustee's] recovery," not "to obtain affirmative relief." *Minex Res., Inc. v. Morland*, 467 N.W.2d 691, 699 (N.D. 1991). As a result, even if this Court concluded

5

that filing counterclaims may in some instances amount to a waiver of jury trial rights, Mrs. Berg's rights are preserved because she is not seeking an affirmative recovery from the estate.[4]

### C. The Berg Defendants Are Not Forum Shopping and Withdrawal is Not Premature.

11. The Berg Defendants are not forum shopping. The Bankruptcy Court has already ruled on the Berg Defendants' motion to dismiss. That interlocutory ruling does not change regardless of withdrawal, and the Berg Defendants and the Trustee have stipulated regarding the effect of that ruling. The filing of the Motion is plainly not indicative of forum shopping. *See In re Sevko*, 143 B.R. 114, 116 (N.D. Ill. 1992) ("it would have been imprudent" for debtor to file motion for withdrawal of reference prior to court's denial of debtor's motion to dismiss); *see also Stanton v. Certain Underwriters at Lloyd's of London*, No. 11-cv-1104, 2012 WL 10890, at *2 (W.D. Mo. Jan. 3, 2012) ("seeking withdrawal to avoid an applicable order of the bankruptcy court seems remarkably similar to—if it is not actually—forum shopping, and it is not appropriate reason to withdraw the reference.").

12. The Motion is also timely and promotes judicial economy. The Trustee's claims are predominantly non-core claims based on non-bankruptcy law. "Where an adversary proceeding encompasses both core and non-core claims, . . . withdrawal of the reference is appropriate because it promotes judicial efficiency." *Guffy v. Brown*,

---

[4] *Crum v. Blixseth (In re Big Springs Realty LLC)*, 430 B.R. 629, 635 (Bankr. D. Mont. 2010) (holding defendants did not submit themselves to jurisdiction of the bankruptcy court by asserting recoupment defense (citing *Riley v. Wolverine, Proctor & Schwartz, LLC (In re Wolverine, Proctor & Schwartz, LLC)*, 404 B.R. 1, 4 (D. Mass. 2009))).

(*In re Brown Med. Ctr., Inc.*), 578 B.R. 590, 597 (Bankr. S.D. Tex. 2016). This Court's adjudication of *all* of the Trustee's claims will dispense with the need for *de novo* review by this Court of the Bankruptcy Court decisions. *See id.*

13. The decision to withdraw the reference is a decision within this Court's sound discretion. If this Court decides to deny the Motion to allow the Bankruptcy Court to preside over all pre-trial motions, the Berg Defendants request that the Motion be denied without prejudice so that they may resubmit the request prior to trial.

## CONCLUSION

**WHEREFORE**, the Movants respectfully request that the Court (i) grant the Motion withdrawing the reference and (ii) grant such other and further relief as is just and proper.

Dated: July 9, 2025

      /s/ *Stephen M. Pezanosky*
Stephen M. Pezanosky
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness
Aimee.Furness@haynesboone.com
Jordan E. Chavez
Jordan.Chavez@haynesboone.com
Brenna H. Scully
Brenna.Scully@haynesboone.com
**Haynes and Boone LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on July 9, 2025, the above document was served on all counsel of record via CM/ECF.

                                                      */s/ Stephen M. Pezanosky*
                                                      Stephen M. Pezanosky