# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE** |
| vs. | ) ) ) | |
| Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes, | ) ) ) ) ) ) | Case No. 3:25-cv-149 |
| Defendants. | ) | |

| | | |
|---|---|---|
| In re: Pro-Mark Services, Inc., | ) ) ) | United States Bankruptcy Court District of North Dakota |
| Debtor. | ) ) ) | Bky. No. 24-30167 |

| | | |
|---|---|---|
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, | ) ) ) ) ) ) ) ) ) | United States Bankruptcy Court District of North Dakota<br><br>Adv. No. 24-07014 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, | ) ) ) ) | |

| | |
|---|---|
| Mandy Grant, and Miguel Paredes, | ) |
| | ) |
| Defendants. | ) |

Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust ("Berg Defendants") moved to withdraw the reference from the Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a). Doc. 1. Withdrawal of the reference can be discretionary or mandatory. Here, the parties agree it is discretionary.

With a discretionary withdrawal, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Discretionary withdrawal is permitted in only a limited number of circumstances and is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal is essential to preserve a higher interest." Chowdhury v. Hansmeier, 597 B.R. 89, 97 (D. Minn. 2019) (quotations and citations omitted). The movant has the burden of establishing that discretionary withdrawal is appropriate. Diocese of Duluth v. Liberty Mut. Group, Inc., No. 17-CV-549 (DWF/LIB), 2017 WL 9274925, at *4 (D. Minn. May 17, 2017).

Neither 28 U.S.C. § 157 nor the Eighth Circuit Court of Appeals define what constitutes "cause" for the Court to withdraw the reference. District courts in our circuit have considered several factors, including:

(1) whether the claims are core or non-core;

(2) delay and costs to the parties;

(3) the efficient use of judicial resources;

(4) the uniformity of bankruptcy administration;

2

    (5) the prevention of forum shopping; and

    (6) the presence of a jury demand.

In re James, No. AP 18-4168-CAN, 2018 WL 6728395, at *7 (Bankr. W.D. Mo. Nov. 29, 2018); See also Fayne v. Innovations 365, LLC, No. 4:17-09019-MC-RK, 2018 WL 3614983, at *2 (W.D. Mo. July 27, 2018), Chowdhury, 597 B.R. at 97.

    The parties agree that this case involves both core and non-core claims. Doc. 1, p. 8; Doc. 3, p. 9-10. Bankruptcy judges may hear and enter final judgments in all core proceedings. 28 U.S.C. § 157(b)(1). Bankruptcy judges may also hear non-core proceedings, but they may only "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). While this factor weighs in favor of granting the withdrawal, it is not dispositive and the other factors outweigh it. "The mere fact that an adversary proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference.'" Diocese of Duluth, No. 17-CV-549 (DWF/LIB), 2017 WL 9274925, at *7 (quoting In re H & W Motor Express Co., 343 B.R. 208, 216 (N.D. Ia. 2006)).

    Here, granting the motion to withdraw the reference would cause significant delay and cost to the parties and be an inefficient use of judicial resources. The Bankruptcy Court is familiar with the facts and legal issues in this case. The adversary complaint was filed over a year ago, and the Bankruptcy Court has already ruled on three motions to dismiss. Doc. 3, 9-10. Starting over now in a different court would delay resolution and increase costs. Additionally, two of the defendants have not moved to withdraw the reference.[1] Id. at 8. Bifurcating the case between this Court and the Bankruptcy Court would waste judicial resources and increase delay and costs.

---

[1] Defendant Miguel Paredes did not file a motion to withdraw the reference. He neutrally responded to the Berg Defendants' motion but stated a desire for all claims to be litigated in the same court. Doc. 4.

Uniformity of bankruptcy administration and preventing forum shopping also weigh in favor of denying the motion to withdraw the reference. Again, two of the Defendants have not moved to withdraw. Id. Also of concern is forum shopping, given that this motion comes a year after the adversary complaint was filed in the Bankruptcy Court and after the Berg Defendants filed and received judgments on three motions to dismiss. Id. at 10.

Finally, the fact that Berg Defendants demand a jury trial[2] does not require the Court to withdraw the reference. Doc. 1, p. 10-11. "Even in cases in which a bankruptcy court is 'not authorized to conduct' a jury trial, a district court may decide to 'delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.'" Myers v. Niroomand-Rad, No. 8:16CV552, 2017 WL 244789, at *3 (D. Neb. Jan. 20, 2017) (quoting In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993)). The concern for delay and costs to the parties, judicial economy, uniform bankruptcy administration, and the prevention of forum shopping outweigh this factor.

Ultimately, the factors weigh against granting the permissive withdrawal. The Berg Defendants' motion to withdraw the reference of the adversary proceeding from the Bankruptcy Court (Doc. 1) is **DENIED.** Should this case proceed to a jury trial and if the parties retain that right, this case shall remain pending in the Bankruptcy Court until conclusion of all pretrial proceedings and shall only be transferred to the District Court once the proceeding is ready for trial.

**IT IS SO ORDERED**.

Dated this 2nd day of September, 2025.

/s/ Peter D. Welte

---

[2] The Court acknowledges but does not decide whether Connie Berg waived her right to a jury trial.

                              Peter D. Welte, Chief Judge
                              United States District Court